

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

July 16, 1968

Honorable Howard B. Boswell
Executive Director
Texas Water Development Board
P. O. Box 12386
Capitol Station
Austin, Texas 78711

Opinion No. M-259

Re: Whether surety bond re-
quired by The Texas
Water Well Drillers Act,
Article 7621e, Section
16, V.C.S. covers faulty
workmanship, labor and
materials, and/or neg-
ligence.

Dear Mr. Boswell:

In your recent request for opinion of this office,
you stated that a question has arisen as to the effect and
value of the bonding provisions contained in Article 7621e,
Vernon's Civil Statutes, Section 16 (The Texas Water Well
Drillers Act) which requires the maintenance of a $2,000
surety bond as a condition for obtaining a Water Well Drill-
ers certificate; and specifically you question whether, in
the absence of express statutory language, these provisions
may be relied upon by the Water Development Board to require
that the bond cover a judgment obtained against the driller
for damages caused by "faulty workmanship, labor and mater-
ials, and/or negligence".

You have also enclosed a copy of the bond form sup-
plied by the Texas Water Development Board to each applicant
for registration, and you ask whether the bond does in fact
provide such coverage.

Said Section 16 of Article 7621e provides, in part,
as follows:

> "....before a registration certificate
> shall be issued, a bond executed by
> the applicant, as principal, and a
> surety company authorized to do busi-
> ness in this state as surety, shall
> be furnished the Commission in the
> principal sum of $2,000.00 for the
> use and benefit of any injured party

and conditioned that the applicant will
pay any judgment recovered by any per-
son in any suit for damages or injury
caused by a <u>violation of the Act.</u>"
(Emphasis Added)

There are various prohibitions contained in different
parts of Article 7621e, but at no place does such Article
provide, by outright prohibition or by necessary inference,
that "faulty workmanship, labor and materials, and/or negli-
gence", as such, shall constitute a violation of the Act.

Section 7 of Article 7621e directs the Water Develop-
ment Board to promulgate and adopt substantive rules defin-
ing standards of conduct governing registered water well
drillers. In setting out grounds for revocation or suspen-
sion of a drillers certificate, Section 8(a) of Article 7621e,
provides as follows:

"The certificate of registration of any
registered water well driller who vio-
lates any provision of this Act or any
substantive rule or regulation of the
Board promulgated under the authority
of this Act may be revoked or suspended
by the Board. Grounds for revocation or
suspension of a driller's certificate
shall include intentional misstatement
or misrepresentation of fact on an appli-
cation or well log; failure to keep and
transmit water well logs as provided
herein; failure to advise a person for
whom a well is being drilled that in-
jurious water has been encountered, is
a pollution hazard, and must be forth-
with plugged in an acceptable manner;
or being found to be an incompetent
water well driller."

We are advised that none of the rules and regulations
adopted by the Board specifically prohibit "faulty workman-
ship, labor and materials, and/or negligence".

The bond form furnished each applicant substantially
follows the language of Section 16, Article 7621e, but is

somewhat broader in scope in that it includes the following language:

> "....for the use and benefit of any in-
> jured party who shall recover a judg-
> ment for damages from violation by the
> Principal herein of any provision of
> Chapter 264....Art. 7621e, or the rules,
> regulations, and modes of procedure
> prescribed thereunder by the Water Well
> Drillers Board." (Emphasis Added)

In Texas, a contract of suretyship is required to be strictly construed so that only those burdens or obligations that clearly come within the terms of the contract will be imposed on the surety, and the contract will not be extended by implication or presumption. Cooley v. Cash, 207 S.W.2d 436 (Tex.Civ.App. 1947, no writ), Great American Insurance Co. v. Langdeau, 379 S.W.2d 62 (Tex. Sup. 1964).

It is our opinion that the bond as it is presently written does not purport to cover all judgments for damages caused by "faulty workmanship, labor and materials and/or negligence". We refrain from expressing an opinion upon a bond voluntarily undertaken which specifically covers such acts inasmuch as such extra-statutory provisions are a matter of personal interest only to the litigants and the bonding company. Nothing herein contained is intended to imply non-coverage of judgments for damages caused by failure of the driller to do acts required of them, or by their doing acts prohibited by the Act, even though done or not done by rea-son of "faulty workmanship, labor and materials, and/or negligence". For example, the failure through negligence of the driller to inform the landowner or person having a well drilled that the water is injurious to vegetation, as is re-quired of the driller by Section 15a of Article 7621e, would constitute "a violation of the Act"; and if this violation werefound by the trier of facts to be the proximate cause of the damage, recovery on the bond for such damage would be possible.

At this point the question arises as to whether the Board may by rule specifically prohibit acts of "faulty work-manship, labor and materials and/or negligence" and thereby

make each such malfeasance or nonfeasance "a violation of this Act", thus requiring bond coverage of judgments for damages occasioned by such acts. The Board has the power to make substantive rules and regulations and to enforce them by suspension or revocation of the certificate of registration, but it has no authority to require coverage of that which the statute does not require be covered. Under the statute, the Texas Water Development Board may require such bond cover "any judgment recovered by any person in any suit for damages or injury caused by a violation of this Act" only, and it is without authority to require such extra-statutory bond provisions of the principal and surety. The board may exercise only the authority conferred upon it by the law in clear and unmistakable terms and it will not be deemed to have authority given only by implication or inference, since its powers must be strictly construed. Commercial Standard Ins. Co. v. Board of Ins. Commissioners, 34 S.W.2d 343 (Tex.Civ.App. 1930, error ref.) and authorities therein cited.

## S U M M A R Y

In the absence of express statutory authority a successful plaintiff could not recover for faulty workmanship, labor and materials, and/or negligence under the surety bond required by Article 7621e, Section 16, Vernon's Civil Statutes, (The Texas Water Well Drillers Act).

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Hon. Howard B. Boswell, page 5(M-259)

Prepared by Charles F. Aycock
Assistant Attorney General

APPROVED
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Fainter
John Grace
Harold Kennedy
R. D. Green

A. J. CARUBBI, JR.
Executive Assistant